Per curiam.

(Grimks. Bay, and Brevard, Justices; Wilds, J. having beeu of counsel iu the cause, gave no opinion.)
There is no ground for granting this motion. The quest-on intended to be settled by it, is, whether the share of an intestate’s personal estate, vests in the party intitled thereto, immedhtely upon the intes. tate’s death, so as to confer on such party the right of possession ; or in other words, whether it constitutes a chose in possession, or q *489 -¿hose in action ? It is true, that the right vests immediately on the intestate’s death, (see 8 P. Wms. 49,) but not, absolutely ; it vesta only in interest, not in possession. The share which the wife might claim of her husband’s estate persona), did not vest in her second husband ; for there may be debts which are Cmsatisfied, and for which the estate is liable and tmiil these are satisfied, it cannot be known whether the wile has any, and what. right thereto. And after it is ascertained what part the wife is inlitled to absolutely, still it is but a chose in action,- which does not vest absolutely in the .husband. 2 Vern. 401. 3 P. Wms. 199, 87. And as she died before this chose in action was reduced into possession, it shall go' to her representatives, and not to her husband, who survived her. The husband might have administered, and got possession of these ¿¡hoses in action. If another had administered, and the estate of the former husband had been divided, and the wife’s part ascertainéd, after her death, the demandant might have brought a writ of partition (o have -his part of her estate ; in which case, he would Slot be intitled, under the act of 1791, to more than one third of it. It is not pretended, that he can legally claim more than one third of her share of the real estate of her former husband. Ashe has Obtained by the writ in-question, by the consent of the other parties interested, what he would have a right to, if all the proceedings had been regular, there is no good grouud for this motion.
Motion discharged.
Note. See Hynes v. Executors of Lewis, Taylor’s Rep 44. 2 Bl. Com. 439. 4 Co 65. 1 Vern. 161. 2 Vern. 302. 2 Vent. 340. 2 Com. Rep. 725. 2 Eq, Abr. 144. 1 Ch. Car. 27. 2 Ch. Rep. 234. Husband obtained a decree in equity for a legacy given to his wife, and died before he received it: determined that it went to the wife, Nanney v. Martin, 2 Hayw. 230. Johnson and wife v. Pasteur, 2 Hayw. 193, 194 1 H Bl. 535
Quaere. Should not there have been an administration on the wife’s estate, and a writ of partition brought to ascertain the wife’s part; and after-wards af writ, of partition by the second husband, forhissh-.re of her part? Quaere also,whether be could claim any thing by writ of partition, but only as his wife’s representative ? Partition lies not of a chose in action.
Quaere Whether, if the husband should take out administration on his wife’s estate, he would be iutitled to retain the whole, or he compelled to make distri.hution to her next of kin ?
See the case of the ordinary of Orangeburgh district v. Geiger, ante, p. 484.